

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| PINNACLE CONSTRUCTION, INC.,<br>7529 Standish Place, Suite 102<br>Rockville, MD  20855<br><br>    *Plaintiff,*<br><br>v.<br><br>PREMIER CONCRETE<br>CONSTRUCTION, INC.<br>10391 Central Park Dr,<br>Manassas, VA 20110<br><br>    **Serve:  Registered Agent**<br>    V. Rick Nishanian, Esq.<br>    Vanderpool, Frostick & Nishanian<br>    9200 Church Street, Suite 400<br>    Manassas, Virginia  20110<br><br>    *Defendant.* | Civil Action No. 1:14CV1262 TSE/TCB |

## COMPLAINT FOR BREACH OF CONTRACT

Plaintiff Pinnacle Construction, Inc., by counsel, hereby files a complaint against defendant Premier Concrete Construction, Inc., and states as follows:

### NATURE OF THE ACTION

1. This is an action for breach of contract brought by Pinnacle Construction, Inc., a contractor, against Premier Concrete Construction, Inc., a subcontractor, in connection with the building and site concrete work at the Oak Marr RECenter Fitness Expansion & Related Site Improvements Project located in Fairfax County, Virginia.

## PARTIES

2. Plaintiff Pinnacle Construction, Inc., ("Pinnacle") is a Maryland Corporation with its principal place of business in Montgomery County, Maryland.

3. Defendant Premier Concrete Construction, Inc., ("Premier") is a Virginia Corporation with its principal place of business in Manassas, Virginia.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant 28 U.S.C. § 1322 because the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, is in excess of $75,000.00.

5. Venue is proper in the Eastern District of Virginia under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

6. The court has personal jurisdiction over Defendant Premier in that the cause of action against Premier arises from Premier's transaction of business in Virginia and by its contracting to supply services or things in Virginia, as hereinafter described.

## FACTS

7. On May 28, 2013, Pinnacle and Premier entered into a Subcontract where Premier Concrete would perform the building and site concrete work at the Oak Marr RECenter Fitness Expansion & Related Site Improvements Project located in Fairfax County, Virginia (the "Project"). A copy of the Subcontract is attached hereto as Exhibit A.

8. In the fall of 2013, Premier abandoned the Project site and refused to continue to perform its work pursuant to the Subcontract.

9. In the fall of 2013, Pinnacle directed Premier on numerous occasions to return to the Project in order to start work on Phase 3, in particular the north side of the construction site.

10. Despite Pinnacle's directives, Premier refused to re-mobilize and complete its remaining contractual obligations for Phase 3 of the Project.

11. On October 29, 2013, Pinnacle provided Premier with 3 days written notice to cure (in accordance with Article 14 of the subcontract).

12. To date, Premier has refused to perform its work under the Subcontract or return to the Project site.

13. Pinnacle has had to perform Premier's work under the subcontract at significantly increased costs over the subcontract price. As of the date of this complaint, the damages suffered by Pinnacle total over $400,000.

## COUNT I

### Breach of Contract

14. Plaintiff incorporates by reference paragraphs 1 to 13 above of this Complaint as though fully set forth herein.

15. By Premier's failure and refusal to perform concrete work pursuant to its subcontract with Pinnacle, Premier has materially breached its contract with Pinnacle.

16. As a result of Premier Concrete's material breach of contract, Pinnacle has incurred damages in the amount of $400,000, or according to proof at trial.

17. All conditions precedent to Pinnacle's entitlement of relief under this Count have occurred, been performed, or have been waived.

WHEREFORE, Pinnacle prays that it may have judgment against Premier Concrete, in the amount no less than $400,000, or as proven at trial, together with the costs of these proceedings, reasonable attorney's fees and such other relief as this Court may deem appropriate.

Dated: September 23, 2014

/s/ David Hilton Wise
David Hilton Wise, VA Bar No. 30828
dwise@wiselawplc.com
James P. Lukes, VA Bar No. 73752
jlukes@wiselawplc.com
Wise & Donahue, PLC
11325 Random Hills Road, Suite 302
Fairfax, Virginia 22030
Tel: (703) 934-6377
Fax: (703) 934-6379

Of Counsel:

Herman M. Braude, Esq.
Braude Law Group, P.C.
1077 30th Street, NW
Suite 150
Washington, DC 20007
(202) 471-5400 (voice)
(202) 471-5404 (fax)